United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Marilyn Patton, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-21158-Civ-Scola |
| | ) |
| Carnival Corporation, Defendant. | ) |

**Order**

This matter is before the Court on the Defendant's motion to dismiss. (ECF No. 8.) The Plaintiff filed a response to the motion (ECF No. 9), and the Defendant filed a reply memorandum in support of its motion (ECF No. 10). After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Defendant's motion. (**ECF No. 8**.)

1. **Background**

In October 2019, Patton was onboard the Carnival *M/S Victory* as a passenger. (ECF No. 1 at ¶¶ 10–13.) On October 15, 2019, as she walked on Deck 9, Patton tripped over a "metal threshold" that was not flush with the floor. (*Id.* at ¶ 13.) As a result of this accident, Patton suffered a torn rotator cuff and incurred medical expenses related to her injuries. (*Id.* at ¶ 15.) In April 2022, Patton sued Carnival, bringing claims for negligent failure to correct a known dangerous condition, negligent failure to warn, and negligent maintenance. (*Id.*)

2. **Legal Standard**

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal punctuation omitted) (quoting Fed. R. Civ. P. 8(a)(2)). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

To prevail on a maritime tort claim, a plaintiff must establish that "[1] the defendant had a duty of care, [2] the defendant breached that duty, [3] the breach was the actual and proximate cause of the plaintiff's injury, and [4] the plaintiff suffered harm." *See Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 907 (11th Cir. 2017) (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015)). Regarding the second element, cruise operators owe passengers a duty of "ordinary reasonable care under the circumstances." *See Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1168 (11th Cir. 2021) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)). "[A]s a prerequisite to imposing liability," a plaintiff must allege that the cruise ship "had actual or constructive notice of the risk-creating condition[.]" *Id.* Actual notice hinges on whether the defendant knew of the danger. *See Keefe*, 867 F.2d at 1322. To show constructive notice, a plaintiff must allege either that (1) "a defective condition existed for a sufficient period of time to invite corrective measures" or (2) there is evidence of "substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *See Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178–79 (11th Cir. 2020) (quoting *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988)). In all, liability "hinges on whether [the defendant] knew or should have known about the" risk-creating condition. *See Keefe*, 867 F.2d at 1322.

Carnival contends that Patton has failed to state a claim, arguing that she has not sufficiently pled that Carnival had notice—actual or constructive—of any danger from the metal threshold at issue. Patton countered by pointing to three allegations: (1) an undated photograph of the threshold at issue; (2) "[c]ommon sense"; and (3) two safety reports from Carnival ships referencing potential dangers from thresholds. (ECF No. 1 at ¶ 14; ECF No. 9 at 1–2.) The Court will address each argument.

First, as to the photograph, Patton presses that "[f]rom the appearance of the damaged threshold it is apparent that the gap did not develop overnight." (ECF No. 9 at 2.) However, as the photograph is undated, and as Patton does not affirmatively allege when the photograph was taken, this photograph fails to allege the state of the threshold at the time of the incident, let alone the threshold's state for an unidentified amount of time before the incident. Therefore, this photograph does not adequately allege that Carnival had notice of any danger arising from the metal threshold.

Second, Patton alleges that Carnival had notice because "common sense dictates" that Carnival employees would have seen the alleged tripping hazard, "as they routinely clean the floors in the area once a day." (ECF No. 1 at ¶ 14.) While courts may use "judicial experience and common sense" to determine

whether a plaintiff has sufficiently stated a claim for relief, courts must strip the complaint of conclusory and unsupported allegations. *See Iqbal*, 556 U.S. at 678–79. Here, Patton appears to allege that the presence of the cleaning staff alone is sufficient to state a claim that Carnival was or should have been on notice. But Patton does not allege how or why the staff that allegedly cleans the relevant area every day would observe and recognize the potential danger of a metal threshold that was not flush to the floor. *See Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 908 (11th Cir. 2017) ("Knowledge that the condition exists is not sufficient, the defendant must also know that the condition is dangerous.") (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012)). Patton's appeal to *Higgs* does not render Patton's allegations less deficient. In *Higgs*, the Eleventh Circuit held that a foot-tall bucket, placed "behind a blind corner" in a "highly-trafficked" area was an obvious danger sufficient to put the cruise operator on notice. *See Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1303 (11th Cir. 2020). But here, there is no foot-tall hazard. Rather, at most, Patton complains of a metal threshold that was uneven with the floor by inches, if not less. Therefore, absent any allegations that Carnival employees would have plausibly seen the metal threshold and recognized its potential danger, Patton has not sufficiently alleged notice.

 Last, the safety minutes that Patton attaches to the complaint fare no better, as Patton does not plausibly plead "substantially similar incidents" sufficient to allege constructive notice. Patton attached two safety reports; one was an undated safety summary providing 2018 accident data from an unnamed ship. (ECF No. 1-2 at 1.) This summary notes that there were two accidents that fell within the category of "Trip & Fall - Threshold." (*Id.*) Patton also attached safety minutes from the Carnival *Glory* in August 2017, which warned that guests should be "mindful of thresholds while walking around" and that crew should help older guests become "aware of hazards they don't normally find . . . such as thresholds[.]" (*Id.* at 2–3.) It also warned of a particular threshold that lacked carpet and visible signage. (*Id.* at 4.)

 Carnival argues that these reports fail to give notice of the *specific* metal threshold at issue here, as Patton does not allege that any of these safety minutes came from the *M/S Victory* or concerned any threshold on Floor 9 of the *M/S Victory*. (ECF No. 8 at 5.) However, Patton need not allege that Carnival had notice of the specific threshold at issue here. *See Brady v. Carnival Corp.*, 33 F.4th 1278, 1281 (11th Cir. 2022) (holding that "the salient issue is whether Carnival knew, more generally, that the area of the deck where [the plaintiff] fell had a reasonable tendency to become [dangerous]"). Nonetheless, Patton must allege that Carnival knew that "the type of hazard at issue could reasonably occur in the same area where the plaintiff was injured." *Connell v. Carnival Corp.*, No. 21-

23958-CIV, ECF No. 29 at 4 (S.D. Fla. July 8, 2022) (Altonaga, C.J.) (emphasis omitted) (citing *Brady*, 33 F.4th at 1281–83).

While the safety minutes attached to the complaint vaguely reference potential dangers related to "thresholds," the exhibits do not reference any danger related to metal thresholds that were not flush to the ground. Rather, the dangers discussed in the safety reports appear to be related to thresholds that are not "normally [found] on land resorts" and that "[do not] have carpet." (ECF No. 1-2 at 3–4). Absent allegations of "substantially similar incidents" involving metal thresholds that were not flush to the ground, Patton has not plausibly alleged that Carnival had constructive notice of the risk-creating condition at issue. *See Tesoriero*, 965 F.3d at 1178–79. Holding that such generalized concerns regarding thresholds suffice at the pleading stage would conceivably hold that cruise operators are plausibly on notice of every metal threshold on every ship, regardless of the alleged dangerous condition of the threshold. This would risk impermissibly "convert[ing] a carrier into an insurer of passenger safety." *See Newbauer v. Carnival Corp.*, No. 20-23757-Civ, 2021 WL 723164, at *3 (S.D. Fla. Feb. 24, 2021) (Scola, J.) (quoting *Navarro v. Carnival Corp.*, No. 19-21072-CIV, 2020 WL 1307185, at *4 (S.D. Fla. Mar. 19, 2020) (Moreno, J.)).

### 4. Conclusion

For the reasons stated above, the Court **grants** Carnival's motion to dismiss (**ECF No. 8**) and dismisses Patton's claims against Carnival **without prejudice**. Moreover, while Patton requested leave to amend if the Court granted the motion to dismiss (ECF No. 9 at 2), such request is improper and denied. *See Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 902–03 (11th Cir. 2020); *see also Newton v. Duke Energy Fla., LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."). The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.
.

**Done and ordered** in Miami, Florida, on July 27, 2022.

_____
Robert N. Scola, Jr.
United States District Judge