United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Marilyn Patton, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-21158-Civ-Scola |
| | ) |
| Carnival Corporation, Defendant. | ) |

**Order**

This matter is before the Court on the Defendant's motion to dismiss the Plaintiff's amended complaint. (ECF No. 15.) The Plaintiff filed a response to the motion (ECF No. 18), and the Defendant filed a reply memorandum in support of its motion (ECF No. 19). After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Defendant's motion. (**ECF No. 15**.)

1. **Background**

In October 2019, Patton was onboard the Carnival *M/S Victory* as a passenger. (Am. Compl., ECF No. 14 ¶¶ 10–13.) On October 15, 2019, as she walked on Deck 9, Patton tripped over a "metal threshold" that was not flush with the floor. (*Id.* ¶ 13.) As a result of this accident, Patton suffered a torn rotator cuff and incurred medical expenses related to her injuries. (*Id.* ¶ 15.) In April 2022, Patton sued Carnival, bringing claims for negligent failure to correct a known dangerous condition, negligent failure to warn, and negligent maintenance. (Compl., ECF No. 1 ¶¶ 22-33.) The Plaintiff asserts the same claims in her amended complaint. (ECF No. 14 ¶¶ 22-33.)

Carnival moved to dismiss the Plaintiff's original complaint for failure to state a claim upon which relief could be granted (ECF No. 8), which the Court granted. (ECF No. 11.) Patton subsequently amended her complaint with leave of the Court (ECF Nos. 13, 14), and Carnival again moves to dismiss for failure to state a claim. (Mot., ECF No. 15.) Carnival argues that the Plaintiff has once again failed to plead sufficient facts to establish that Carnival had actual or constructive notice of the alleged raised metal threshold. (*Id.* at 8.)

2. **Legal Standard**

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is

entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal punctuation omitted) (quoting Fed. R. Civ. P. 8(a)(2)). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

To prevail on a maritime tort claim, a plaintiff must establish that "[1] the defendant had a duty of care, [2] the defendant breached that duty, [3] the breach was the actual and proximate cause of the plaintiff's injury, and [4] the plaintiff suffered harm." *See Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 907 (11th Cir. 2017) (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015)). Regarding the second element, cruise operators owe passengers a duty of "ordinary reasonable care under the circumstances." *See Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1168 (11th Cir. 2021) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)). "[A]s a prerequisite to imposing liability," a plaintiff must allege that the cruise ship "had actual or constructive notice of the risk-creating condition[.]" *Id.* Actual notice hinges on whether the defendant knew of the danger. *See Keefe*, 867 F.2d at 1322. To show constructive notice, a plaintiff must allege either that (1) "a defective condition existed for a sufficient period of time to invite corrective measures" or (2) there is evidence of "substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *See Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178–79 (11th Cir. 2020) (quoting *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988)). In all, liability "hinges on whether [the defendant] knew or should have known about the" risk-creating condition. *See Keefe*, 867 F.2d at 1322.

Carnival contends that Patton has once again failed to state a claim, arguing that she still has not sufficiently pled that Carnival had notice—actual or constructive—of any danger from the metal threshold at issue. Patton counters by pointing to three new factual allegations: (1) a new, undated photograph (alongside a similar, previously pleaded photograph) of the threshold at issue which Patton pleads was taken "at or shortly after the time the Plaintiff tripped and fell" (Am. Compl. ¶ 14; ECF No. 14-1); (2) an argument by inference that there is "a reasonable inference that the gap had developed over time and had been present for some time" and therefore Carnival's employees must have seen the raised metal threshold before the incident because they "routinely do clean the floors in the area" (Resp. at 2); and (3) minutes from multiple "safety

meetings" on the ship indicate that "Carnival was aware of the tripping hazard posed by damaged threshold" generally. (Am. Compl. ¶ 14; ECF No. 14-2; Resp. at 3.) The Court will address each argument.

First, as to the photograph, Patton presses that "[f]rom the appearance of the damaged threshold it is apparent that the gap did not develop overnight." (Am. Compl. ¶ 14; Resp. at 2.) However, both photographs are undated, and the best specificity that Patton offers for an alleged date on which the photographs were taken is "at ***or shortly after*** the time the Plaintiff tripped and fell." (Am. Compl. ¶ 14 (emphasis added).) In other words, Patton does not even attempt to plead that the photographs must represent the state of the metal threshold before the time of the incident. The photographs therefore yet again fail to allege the state of the threshold ***at the time of the incident***, let alone the threshold's state for an unidentified amount of time before the incident. As such, the photographs do not adequately allege that Carnival had notice of any danger arising from the metal threshold.

Second, Patton alleges that Carnival had notice because "common sense dictates" that Carnival employees would have seen the alleged tripping hazard, "as they routinely clean the floors in the area once a day." (Am. Compl. ¶ 14.) The Court previously considered and rejected this argument on the first motion to dismiss. (ECF No. 11, at 2-3.) The Plaintiff offers nothing new in the amended complaint, other than the single additional undated photograph discussed above, to buttress this argument.

Third, the safety minutes that Patton attaches to the amended complaint are the same minutes that the Court found to be insufficient to support actual or constructive notice because the minutes address only generalized concerns and that are not substantially similar in nature to the allegations here. (*Id.* at 3-4.) Without more, the Court must dismiss Patton's amended complaint.

### 4. Conclusion

For the reasons stated above, the Court **grants** Carnival's motion to dismiss (**ECF No. 15**) and dismisses Patton's claims against Carnival **without prejudice**. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on October 13, 2022.

Robert N. Scola, Jr.
United States District Judge